(No. 21084.—

S. HAYDEN, Appellee, *vs.* THE WABASH RAILWAY COMPANY, Appellant.

*Opinion filed April 23, 1932.*

JOHN GIBSON HALE, for appellant.

SHORT, ROTHBART, WILLNER & LEWIS, (SEYMOUR M. LEWIS, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

S. Hayden, trading as the S. Hayden Company, brought an action of replevin in the circuit court of Cook county against the Wabash Railway Company for the possession of an automobile. The automobile was taken on the writ

and delivered to the plaintiff. On a trial by the court without a jury the defendant was found guilty, the right of possession was found in the plaintiff, damages of one cent were assessed against the defendant, and judgment was rendered accordingly in favor of the plaintiff. The defendant appealed directly to this court, and the plaintiff has moved to transfer the cause to the Appellate Court for the First District. This motion was ordered taken with the case.

It is not necessary to a decision of the motion to state the pleadings. The facts were stipulated, and from the stipulation it appears that the automobile in question was bought by Paul G. Green on February 21, 1928, of the Logan Motor Sales Company, and that he gave his note for $360, part of the purchase price, payable in six monthly installments, beginning March 21, 1928, to the Logan Motor Sales Company and secured by a chattel mortgage on the automobile, duly acknowledged and recorded so as to be a valid lien on the automobile. The plaintiff on February 21, 1928, purchased the note and mortgage in the regular course of business without notice of any infirmity. Green defaulted on the note, paid none of the installments and removed the automobile from Cook county without the knowledge or consent of the plaintiff. After March 21, 1928, the plaintiff attempted with due diligence to locate Green and the automobile but was unable to find him or re-possess the automobile. On April 12, 1928, Green delivered it at Houston, Texas, to the International Great Northern Railroad for transportation and delivery to the Logan Motor Sales Company at Chicago and received a bill of lading, a copy of which was made a part of the stipulation, together with the agreements and conditions on its back. The automobile was promptly forwarded and arrived at Chicago over the rails of the defendant on April 26, 1928. Notice of the arrival was given to the Logan Motor Sales Company the same day but no attention was paid to the notice. According to the tariff applicable to the

shipment, $120.35 was due to the defendant, no part of which was paid. The plaintiff had no notice of the removal of the automobile from the State or its delivery by Green to the railroad company or its shipment, and the first knowledge he obtained about where it was, came to him from the Logan Motor Sales Company after its arrival in Chicago. He made demand upon the defendant for the automobile before bringing suit, and the sheriff on April 30, 1928, took possession of the automobile over the defendant's protest. It also appeared from the stipulation that the mortgage authorized the mortgagor to retain possession of the automobile but required it to be kept in Cook county and in good repair, and provided that upon a failure of the mortgagor to comply with any of the provisions of the mortgage the mortgagee might take possession of the automobile and sell it at private sale without notice and reimburse itself out of the proceeds, rendering the overplus, if any, to the mortgagor. The bill of lading conformed to the requirements of the Uniform Bill of Lading act.

The appellant argues that Green, the mortgagor and shipper, was rightfully in possession of the automobile and that his contract of shipment created a lien upon the automobile which the plaintiff was required to satisfy before it was entitled to possession. The statute provides for the allowance of direct appeals from the circuit courts to the Supreme Court in cases in which the validity of a statute or a construction of the constitution is involved. In this case it is manifest that no question of a construction of the constitution is involved. The construction of Federal and State statutes is involved but not the validity of either.

The cause will be transferred to the Appellate Court for the First District.
*Cause transferred.*